IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

LAMAR DEWAYNE JOHNSON and JOHN ANTHONY JACKSON,

    Defendants.
                                           /

No. CR 19-0139 WHA

**ORDER RE MOTION TO SUPPRESS**

**INTRODUCTION**

In this prosecution for robbery, defendants move to suppress all evidence and fruits of evidence obtained from search warrants for two Instagram accounts and a defendant's residence. For the reasons stated below, the motion to suppress the evidence from one of the Instagram accounts is **GRANTED**. The motion to suppress the evidence from the other Instagram account and the residence is **DENIED.**

**STATEMENT OF FINDINGS**

On October 11, 2018, SFPD officers responded to reports that a marijuana delivery driver had been robbed at gunpoint. Video surveillance showed three black males approaching the driver with a semi-automatic pistol and stealing approximately $5,000 in marijuana products and $20,000 in U.S. currency.

The victim told Sergeant Jacqueline Selinger that he believed he saw the robbers' vehicle earlier in the day. Sergeant Selinger viewed surveillance footage from other

dispensaries the victim had visited earlier in the day and at one of the dispensaries, observed two black males walking by the dispensary. One of them men appeared to be wearing the same clothes as one of the robbery suspects. She subsequently sent the surveillance video to Sergeant Thomas Moran who immediately recognized one of the men in the video as Dario Crawford.[*]

Sergeant Moran then surveilled Crawford's Instagram account. He noted an October 27 post with a photograph of Crawford with another black man holding large sums of U.S. Currency. After further surveillance, SFPD identified Lamar Johnson as the man with Crawford in that post.

On November 15, Sergeant Moran obtained a search warrant for the Instagram data of Crawford and Johnson. On November 19, Sergeant Moran obtained a search warrant for Johnson's cell phone location. On November 28, Sergeant Moran received a ping with Johnson's location. He and Sergeant Sullivan responded to the location and observed Johnson with Crawford and another black male. The sergeants agreed the third unidentified male "fit[] the build of the suspect who possessed the firearm during the robbery."

On November 29, Sergeant Moran searched for Johnson's prior criminal contacts and identified a traffic stop from March 2017 in which Johnson, Crawford, and a man named John Jackson were present. After performing a search for Jackson's driver's license, Sergeant Sullivan recognized the individual in the driver's license photograph as the third man with Johnson and Crawford on November 28. Later that same day, Sergeant Moran surveilled Johnson's Instagram and noted a post that tagged Jackson.

On December 4, SFPD received results from the search warrants of Crawford and Johnson's Instagram accounts and found no direct messages between either of the two with Jackson. On December 11, Sergeant Moran obtained a search warrant from Jackson's Instagram account. On the same day, Sergeant Moran also obtained a search warrant for Crawford's cell phone location. On December 19, he obtained a warrant requiring Google to provide geolocation data near the locations of the marijuana dispensaries along the victim's delivery route.

---

[*] Dario Crawford was the victim of a homicide on November 6, 2019.

2

On January 2, Sergeant Moran obtained results from the search warrant of Jackson's Instagram accounts. The results showed messages in which Jackson provided two individuals with a phone number. Accordingly, on January 8, Sergeant Moran obtained a search warrant for that phone number. The results of that warrant showed Jackson with Johnson in the vicinity of various marijuana dispensaries along the route.

In March 2019, the government indicted Crawford, Johnson, and Jackson for robbery and conspiracy to commit robbery in violation of 18 U.S.C. § 1951(a). The next day, Sergeant Moran obtained warrants to search the person, residences, and vehicles for Johnson and Jackson. In September 2019, Jackson moved to suppress the search warrant of his Instagram account. Johnson joined the motion and further moved to suppress the search warrant for his Instagram account and residence.

**ANALYSIS**

Motions to suppress are reviewed *de novo*, with significant deference afforded to the magistrate judge's finding of probable cause. Specifically, the court need only find "under the totality of the circumstances the magistrate had a substantial basis for concluding that probable cause existed" for a search warrant to be valid. *United States v. McQuisten*, 795 F.2d 858, 861 (9th Cir. 1986). The validity of the warrant is assessed "on the basis of the information that the officers disclosed, or had a duty to discover and to disclose, to the issuing Magistrate." *Maryland v. Garrison,* 480 U.S. 79, 84 (1999).

A. **JACKSON'S INSTAGRAM SEARCH WARRANT.**

1. **Probable Cause.**

The search warrant affidavit cited the following pieces of evidence in support of probable cause: 1) Jackson was seen with both Crawford and Johnson in March 2017 at a traffic stop; 2) SFPD saw Jackson with both Crawford and Johnson in November 2019 at a cell phone ping location; 3) Sergeants Moran and Sullivan agreed that Jackson "fit[] the build of the suspect who possessed the firearm during the robbery;" 4) Johnson posted a photo on Instagram which tagged Jackson; 5) Crawford posted a story on Instagram which showed Jackson and a camouflage jacket that officers believed matched one worn by Johnson.

3

On their own, each piece of evidence would be insufficient for probable cause. Merely stating an individual possesses a similar build and racial profile as a suspect is too insufficient and vague to allege probable cause. *United States v. Ricardo D.,* 912 F.2d 337, 342 (9th Cir. 1990). Similarly, the mere association of an individual with suspected criminals is not sufficient for probable cause either. *United States v. Huguez-Ibarra*, 954 F.2d 546, 552 (9th Cir. 1992).

This means that here, there would be insufficient probable cause if the affidavit only stated that Jackson "fit the build" of the suspect of the robbery. Likewise, there would be insufficient probable cause if the affidavit only stated that Jackson was seen with Crawford and Johnson on a few occasions. Here, however, even though the affidavit stated that Jackson fit the build of the suspect and that he associated with two confirmed suspects, it still failed to establish probable cause.

The SFPD officers based their confirmation that Jackson matched the build of the suspect on the victim's description of the suspect as a "heavy set black male" as well as a surveillance video showing the suspect. The video showed a man in a black hooded sweatshirt approaching the victim's vehicle. It did not show, however, the suspect's face or anything unique about the suspect's build that would have strengthened probable cause. In confirming that Jackson fit the build of the suspect at the robbery, the affidavit did little to narrow the pool of suspects.

To strengthen this weak showing of probable cause, the affidavit also noted multiple occasions in which the trio were together. The instances in which SFPD observed Jackson with Crawford and Johnson, however, were minimal and over the course of a long period of time. In particular, the traffic stop where the trio was first spotted occurred nearly two years before the robbery. And at least one of the Instagram photos in which the three were impliedly together was posted on the same day SFPD observed the trio at the cell phone ping location. This means the trio was seen together a maximum of three times over a period of over two years. Such a showing of association does little to add to the aforementioned already weak probable cause showing in the affidavit.

4

The warrant for Jackson's Instagram data thus insufficiently established probable cause, and the evidence and fruits of the search (including the MetroPCS warrant) must be suppressed unless the good faith, inevitable discovery, or independent source doctrines apply.

**2. Good Faith, Inevitable Discovery, and Independent Source Exceptions.**

The good faith doctrine applies when an officer, in good faith, reasonably relies on a search warrant that is later deemed to be invalid. The purpose of excluding evidence is to deter misconduct by law enforcement officers, but when an officer's conduct is objectively reasonable, "excluding the evidence will not further the ends of the exclusionary rule in any appreciable way." *United States v. Leon*, 468 U.S. 897, 920 (1984) (quoting *Stone v. Powell*, 428 U.S. 465, 539 (1976)). The search warrant here was too tenuous and lacked indicia of probable cause for the good faith exception to apply.

The independent source exception "operates to admit evidence that is actually found by legal means through sources unrelated to the illegal search." *Silverthorne Lumber Co. v. United States*, 251 U.S. 385, 392, (1920). In particular, "information which is received through an illegal source is "considered to be cleanly obtained when it arrives through an independent source." *Murray v. United States,* 487 U.S. 533, 538 (1988) (quoting *United States v. Silvestri*, 787 F.2d 736, 739 (1986)). Relatedly, the inevitable discovery exception "allows the introduction of illegally obtained evidence if the government can show by a preponderance of the evidence that the tainted evidence would inevitably have been discovered through lawful means." *Nix v. Williams*, 467 U.S. 431, 444 (1984).

The government argues that the fruits of the Instagram warrant, specifically, the search warrant for Jackson's phone number obtained through Jackson's Instagram messages would independently and inevitably have been discovered without the search warrant for Jackson's Instagram data. In particular, SFPD had lawful access to Crawford's telephone, which contained incriminating text messages between Crawford's telephone number and Jackson's telephone number. SFPD would accordingly have investigated that phone number and discovered it belonged to Jackson. Nonetheless, the phone number subscriber information

showed that the number belonged to a man named Marcus West, not Jackson, and the government has not provided further evidence as to how SFPD would have discovered that the phone number belonged to Jackson. The independent source and inevitable discovery exceptions thus do not apply.

The motion to suppress the search warrant of Jackson's Instagram account and the fruits of that search is accordingly **GRANTED.**

B.   **JOHNSON'S SEARCH WARRANTS.**

Johnson has filed a notice of joinder in Jackson's motion. He has also moved to suppress evidence as a result of searches of his residence and Instagram account. Johnson has not submitted any declaration pursuant to our Local Criminal Rule 47-2(b) nor has he submitted the underlying warrants he challenges. The motion and joinder is thus **DENIED.**

**IT IS SO ORDERED.**

Dated: November 22, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE